No. 31,806

LOTTIE MAY KAUFMAN, *Appellee* and *Cross Appellant*, v. W. H. SMITH, Administrator of the Estate of Hilbert Kaufman, Deceased, *Appellee;* FLORENCE MCDERMOTT and JOHN J. MCDERMOTT, Her Husband, LEOLINE SOMMER and LYMAN H. SOMMER, Her Husband, GEORGE H. KAUFMAN and ELIZABETH KAUFMAN, His Wife, *Appellants.*

(41 P. 2d 313)

Opinion on motion to amplify mandate filed February 27, 1935.

*O. A. Keach* and *W. D. Jochems,* both of Wichita, for the appellants.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *R. H. Nelson,* all of Wichita, for the appellee and cross appellant.

*Per Curiam:* Further argument was ordered in this cause to advise the court touching what ought to be incorporated in our mandate, in view of this court's construction of the antenuptial contract.

Counsel for plaintiff suggest that an appraisement of the value of the estate of Hilbert Kaufman as of the date of his death, March 8, 1929, and as the antenuptial contract specified and directed, should now be made. But since such a valuation of the estate was dispensed with by the express or implied consent of all concerned in 1929, and property values to-day have no determinable relationship to the values of 1929, an appraisement of Kaufman's estate as of March, 1929, would not only be impracticable to make, but if made would contribute nothing towards a determination of the present existing rights of these litigants.

Counsel for defendants suggest that the unpaid portions of the awards yet due to the three children (about $46,200) less debts, if any, owing to the estate by the children, respectively, should be made a lien on the assets of the estate, subject to the unpaid debts, encumbrances and lawful administrative charges; and that such portions yet unpaid bear interest from this date. We shall make no such order because it cannot be fairly implied in the terms of the antenuptial contract. Strictly speaking, these awards are not debts due from the estate so as to justify the addition of interest. The snarl into which this estate has become entangled is already sufficiently confused without giving our sanction to any further com-

plexity, and in our opinion apportionment between these litigants should be made without allowance of interest. Indeed, it is not clear that any apportionment between these litigants can be made in money if this estate is to be wound up within any reasonable time. It may have to be divided between the litigants in proportionate shares without any more regard to its valuation now than was given it in 1929.

The order of the court will be:

(1) That the judgment be reversed and the cause remanded with instructions to direct the administrator to pay all demands against the estate in the order of priority prescribed by R. S. 1933 Supp. 22-701.

(2) When the claims of the state, the United States, and those of all other lawful claimants are satisfied, the balances out of the first $85,000 still due the three children (about $46,200) shall be paid to them without interest, less debts, if any, owing to the estate by the children, respectively.

(3) The total amount heretofore paid to plaintiff in monthly or other installments (exclusive of the $10,000) shall be ascertained (about $7,200), and if there are enough cash assets remaining in the hands of the administrator to adjust this item by paying a similar amount to the three children collectively, such payment should be made to them by the administrator. If not, the amount thus heretofore received by plaintiff should be regarded as an advancement to her and taken into account in any division or partition of the mortgaged real estate.

(4) Any remaining personal assets should be divided among the litigants thus: Half to the widow and one-sixth to each of the three children.

If the liquid assets of the estate are insufficient to pay all the foregoing in order, the real estate should be sold, subject to its encumbrance, to satisfy them. If the sale of the real estate is not required to satisfy the foregoing charges in order, it should be delivered to its owners, to wit, plaintiff as owner of an undivided half of it, and to the three children, each of whom is the owner of an undivided one-sixth of it.

The costs of this case in this court and those already incurred below should be regarded as a proper charge upon the general estate and paid by the administrator.